The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Willis. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act, with the defendant employing three or more regular employees.
2. At all times pertinent hereto, there was an employee-employer relationship between the plaintiff and the defendant.
3. Liberty Mutual Insurance Company is the insurance carrier on the risk.
4. Plaintiff has not worked for defendant from 11 March 1992 and continuing through the date of the hearing.
* * * * * * * * * * *
The Full Commission adopts the finding of fact found by the Deputy Commissioner as follows:
FINDING OF FACT
1. Plaintiff has been diagnosed by Dr. R. P. Majors, Jr., as suffering from tinnitus. It was the doctor's opinion that this condition was caused by noise trauma plaintiff sustained at work.
* * * * * * * * * * *
Based upon the finding of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
1. Quoting from the North Carolina Workers' Compensation Act: "No compensation benefits shall be payable for temporary total or temporary partial disability under this sub-division and there shall be no award for tinnitus. . . . ." N.C.G.S. § 97-53(28)(c).
* * * * * * * * * * *
Based on the foregoing finding of fact and conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for compensation pursuant to the North Carolina Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs, except that defendant shall pay an expert witness fee in the amount of $150.00 to Dr. Majors and $150.00 to Dr. Millard Wester, Jr.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________________ COY M. VANCE COMMISSIONER